### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Jacqueline J. Edmond-Long, | Chapter 13 |
| | Bankr. #17—17320/AMC |
| Debtor. | |

FILED
DEC 14 2018
TIMOTHY McGRATH, CLERK

### RESPONSE TO MOTION TO WITHDRAW

TO THE HONORABLE ASHELY M. CHAN, U.S. BANKRUPTCY JUDGE:

This document serves as the response to the Motion to Withdraw made by The Law Offices of Sherri R. Dicks, P.C., and Sheri Dicks, Esquire as Counsel to the Debtor. The Debtor submits the following information to be included with the Counsel's Motion.

1. Counsel has inadequately represented the Debtor in the referenced Chapter 13 case filed October 30, 2017 through the following actions:

    a. Trustee documentation shows that a Confirmation Hearing occurred on July 17, 2018. On July 19, 2018, Counsel called Debtor and informed Debtor that a hearing slipped by her.

    b. On November 5, 2018, Counsel called Debtor from a restricted number and left a voicemail message requesting an IRS document that had been previously submitted to Counsel on July 30, 2018. Although Debtor re-emailed said document and returned the call, Counsel did not respond.

    c. Debtor is unsure if Counsel submitted September Monthly Financial Report that was emailed to Counsel on October 2, 2018 at 12:44 PM. Counsel did not respond to email.

    d. Debtor emailed October 2018 Financial Report to Counsel on Friday, November 2, 2018 at 9:17 AM. According to Trustee documentation, Counsel submitted the report on Tuesday, November 6, 2018. This was the date of the Debtor's scheduled Confirmation Hearing.

2. Counsel DID NOT provide informed or zealous representation to the Debtor.

    a. Debtor shared concerns with Counsel regarding completing legal documents without any assistance and Debtor's lack of understanding of the legal terminology. Counsel did not provide support in this regard.

    b. On December 22, 2017, Counsel contacted Debtor regarding documents that had previously been submitted to Counsel. When Counsel was unable to locate documents, she became

1

belligerent with the Debtor and in an extremely unprofessional manner, resorted to name calling. While still on the call, when Counsel did locate the documents in the "matrix", no apology was given for Counsel's error. Counsel also expected Debtor to know what the matrix was. Debtor had no prior knowledge that the system used by Counsel was called a matrix.

   i. Prior to ending the call, Debtor asked Counsel if there was anything else that needed to be completed prior to the Confirmation Hearing scheduled on May 1, 2018. Counsel's response was, "I don't need anything else from you." This led Debtor to believe that no other documentation needed to be submitted prior to the upcoming Confirmation Hearing.

   c. Counsel collected $50 from Debtor to resolve a problem in ChexSystems as Debtor was unable to open a personal bank account. To date, Counsel has not informed Debtor as to the resolution of this matter.

   d. On January 2, 2018, Counsel emailed Debtor stating that Debtor was not current with the Trustee. Counsel did not provide an explanation as to how Debtor was not current. Debtor emailed a screenshot of payment that was previously made to Trustee.

   e. Debtor has sent several emails to follow-up with Counsel following scheduled Confirmation Hearings. In at least two instances following said scheduled hearings, Counsel did not engage Debtor until at least two months following said hearings. With the lack of communication, Debtor was left unaware of next steps following hearings.

   f. Counsel has rescheduled Confirmation Hearings without providing Debtor with explanations for rescheduling.

3. Counsel HAS hindered the Chapter 13 case with instances listed below.
   a. Misplaced documentation.
   b. Not filing submitted paperwork in a timely manner.
   c. Missed Confirmation Hearing.

4. The Debtor AGREES WHOLEHEARTEDLY that the attorney-client relationship has been irreparably harmed.

2

    a. Debtor sought counsel from another Bankruptcy Attorney in March 2018 due to the lack of confidence in current Counsel with intent to dismiss current Counsel.

    b. Also, in March 2018, Debtor sought counsel from an additional Bankruptcy Attorney to understand the full meaning and process of a 6-month stipulation. Debtor's current Counsel never explained the process to Debtor.

5. Despite Counsel's unprofessional demeanor and egregious behavior towards Debtor, Debtor has maintained a professional standard. With this and the above information in mind, Debtor requests that prior to the hopeful granting of Counsel's Motion to Withdraw that Counsel be required to **provide both the Trustee and the Debtor with responses and appropriate documentation** to the questions below on or before the scheduled Confirmation Hearing on February 5, 2019.

    a. Has the ChexSystems issue been resolved? If not, why not?

    b. What is the current status of the Bank of America lien?

    c. Will the monthly payments to the Trustee be reduced? If not, why not and what are the next steps to ensure that it happens?

    d. Why was the Debtor not made aware of the Confirmation Hearing on July 17, 2018?

    e. Was the September Financial Report submitted to Trustee? If so, when? It was sent to Counsel on October 2, 2018.

    f. Why was the October Financial Report not submitted to Trustee on November 2, 2018, the date that it was sent to Counsel?

    g. Did Counsel attend the Confirmation Hearing scheduled on November 6, 2018? If not, why not?

    h. Why did Counsel not respond to Debtor's emails or phone calls following hearing dates?

    i. Did Counsel submit November Financial Report to Trustee that was emailed on December 3, 2018? If not, why not?

By: *Jacqueline J. E. Long*
Jacqueline J. Edmond-Long
Debtor

3